993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. WILLIAMS, Plaintiff-Appellant,
v.
William BOYD, Lewis Richardson and D. Munson, Defendants-Appellees.
 No. 90-2546.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 17, 1993.
 
 Before BAUER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 James Williams filed a civil rights action against several prison officials claiming that they failed to help Williams receive medical attention after another inmate attacked him. Defendants filed a motion for summary judgment showing that no evidence existed to suggest that Williams was in fact injured or that defendants were otherwise deliberately indifferent to Williams' medical needs.
 
 
 2
 Instead of responding to defendants' assertions, Williams requested that the court appoint him counsel and hold off ruling on defendants' motion until counsel could respond. The district court denied the request for counsel and eventually granted summary judgment in favor of the defendants after Williams was given several extensions to respond but failed to file any argument or evidentiary material in opposition to defendants' summary judgment motion. On appeal, Williams does not claim that the court improperly granted summary judgment; he argues only that the district court wrongly denied his counsel motion.
 
 
 3
 "The decision to appoint counsel is within the district court's discretion, which we will not overturn absent some 'fundamental unfairness.' " Jenkins v. Lane, 977 F.2d 266, 270 (7th Cir.1992). With due deference to Williams' assertions, the district court found that Williams had considerable litigation experience and that his case was relatively simple and did not call for an attorney to respond to defendants' motion. The district court's assessment of the case and Williams' capabilities was reasonable and therefore the court did not abuse its discretion in denying Williams' counsel motion. See Farmer v. Haas, No. 91-2484, slip op. at 6 (7th Cir. April 2, 1993) ("[O]ur review of the judge's decision not to request a lawyer for the plaintiff is deferential. We ask not whether he was right, but whether he was reasonable.").
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant filed a responsive statement requesting a written statement of the grounds for determining that oral argument was unnecessary. Upon consideration of that statement, the briefs and the record, oral argument is denied and the appeal is submitted on the briefs and record alone pursuant to Rule 34(f)